**UNITED STATES of America,
Appellee,**

v.

**Neil PHILLIPS, Defendant–Appellant.**

No. 06–0960–cr.

United States Court of Appeals,
Second Circuit.

Dec. 4, 2007.

Rorbert L. Capers (Susan Corkery on the brief) (Assistant United States Attorneys) for Roslyn R. Mauskopf (United States Attorney, Eastern District of New York), for Appellee.

Jillian S. Harrington (Barry M. Fallick on the brief) (Rochman, Platzer, Fallick, Sternheim, Luca & Pearl, LLP), for Defendant Appellant.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant Neil Phillips appeals the sentence imposed upon him by the United States District Court for the Eastern District of New York (Gleeson, *J.*) after he pled guilty to a single count of mail fraud conspiracy in violation of 18 U.S.C. § 1349. The plea agreement stated that Phillips would not appeal a sentence of 87 months or below. After calculating a Guidelines range of 135–168 months, the district court imposed a sentence of 96 months imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Phillips asserts that the district court erred in its Guidelines calculation in two ways: first by refusing to include a three-level reduction for his acceptance of responsibility, and second by imposing a two-

level increase for deriving more than $1 million in gross receipts from multiple financial institutions. Phillips argues that the two-level increase constituted a cumulative overlapping enhancement that the district court should have altered pursuant to *United States v. Lauersen*, 362 F.3d 160 (2d Cir.2004).

"[T]he district court's determination of acceptance of responsibility is a factual finding that must be upheld unless it is without foundation." *United States v. Hirsch*, 239 F.3d 221, 226 (2d Cir.2001) (internal quotation marks omitted). The district court based its decision to deny Phillips an acceptance of responsibility reduction on certain statements Phillips made to the probation officer and to the court regarding his motivation for committing the crimes. The district court found these statements illogical and disingenuous and believed that they demonstrated that Phillips did not clearly accept responsibility for his actions. "The sentencing judge's decision whether to grant the adjustment is 'entitled to great deference on review....' " *Id.* (quoting U.S.S.G. § 3E1.1, Application Note 5). The district court did not abuse its discretion here.

Phillips does not challenge the factual basis for the two-level increase for deriving more than $1 million in gross receipts from multiple financial institutions. Furthermore, his reliance on *Lauersen* is unavailing. In *Lauersen* we held that a district court *could* (although need not) mitigate the effect of cumulative sentencing enhancements by downwardly departing in some instances. *Lauersen*, 362 F.3d at 167–68. Phillips does not persuade us that the district court's failure to exercise its discretion to grant a downward departure was abuse.

Finally, Phillips contends that his sentence was unreasonable because the imposition of a sentence higher than that contemplated by the plea agreement "renders this sentence fundamentally unfair." He also argues that the district court did not adequately consider the 18 U.S.C. § 3553(a) factors. Both arguments are without merit. As Defendant admits, it is within the district court's discretion to reject the recommendations of plea agreements and, furthermore, the plea agreement itself explicitly contemplated such a rejection. Moreover, there is also no indication that the district court did not adequately consider the § 3553(a) factors. On the contrary, the district court noted, among other things, the severity of the fraud, the obstruction of justice, and Phillips' devotion to his family, and described the Guidelines range as "pretty high" in imposing a sentence far below the calculated range of 135–168 months. As we stated in *United States v. Fernandez*, 443 F.3d 19 (2d Cir.2006), "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *Id.* at 30. There is no evidence to the contrary here.

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.